MAIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.                                                    Case No.:  21-cr-00074-jdp

MATTHEW D. ENGELHARDT,

Defendant.

---

## PLEA AGREEMENT

1.      This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.      **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 2 of the indictment. This count charges a violation of Title 18, United States Code, Section 2423(b), which carries a minimum penalty of five years of supervised release and maximum penalties of 30 years in prison and a $250,000 fine, a life-time period of supervised release, a $100 special assessment, a $5000 special assessment pursuant to 18 U.S.C. § 3014 unless the defendant is found to be indigent, and the entry of an appropriate restitution order.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.      **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.      **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United

States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.     **AGREEMENT ON SENTENCE:**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentencing range of at least 51 months and no more than 97 months in prison, along with 20 years of supervised release, is the appropriate disposition of this case. The parties understand that if the Court accepts this plea agreement, the Court will be bound by the recommendation to sentence the defendant within that range.  If the Court rejects the plea agreement, the defendant may withdraw his plea.

6.     **APPELLATE RIGHTS WAIVER:**  The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case.  By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment of 97 months or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

7.     **FACTUAL BASIS:**  The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On or about April 18, 2019, an undercover officer using the name Sarah received a Facebook Messenger message from a Facebook account with the username Matthew ENGELHARDT.  The account showed ENGELHARDT was born in 1989 and lived in Roswell, New Mexico.  The first communications were as follows:

April 18, 2019

ENGELHARDT:     Hi Sarah

April 21, 2019

ENGELHARDT:     Hi please talk to me

April 24, 2019

ENGELHARDT:     I would like to talk with u so please message me back

|  | Please talk to me |
| --- | --- |
| UC ACCT: | Hi |
| ENGELHARDT: | How r u Sarah |
|  | U single |
| UC ACCT: | Yes.  u? |
| ENGELHARDT: | Yes want me to be your boyfriend |
| UC ACCT: | Where do you live? |
| ENGELHARDT: | In New Mexico and u |
| UC ACCT: | I live in Wisconsin.  NM is too far away |
| ENGELHARDT: | I can come see i |
|  | U |
| UC ACCT: | You would come all the way here to see me? |
| ENGELHARDT: | Yes and to be with u |
|  | So how about it |
| UC ACCT: | Im only 14 tho . . . |
|  | That ok? |
| ENGELHARDT: | Yes that is fine |

Later in the initial conversation, ENGELHARDT asks "Sarah" whether she has had sex yet and whether she will have sex with him.  In the same conversation the following exchanges takes place:

| ENGELHARDT: | Do u want kids from me one day |
| --- | --- |
| UC ACCT: | idk…im only 14 so that would be in along time… lol |
| ENGELHARDT: | How about if I stayed and helped I if u did get pregnant |

3

                    I meant u

. . .

ENGELHARDT       OK so can I still come and see u though

UC ACCT:            Maybe

ENGELHARDT       Pretty please

Over the next two years conversations continued on and off.  At times, ENGELHARDT offered to bring "Sarah" gifts including posters, figurines, and jewelry.

On February 22, 2021, the following conversation took place:

ENGELHARDT:      Its Matt remember me

UC ACCT:            Yeah I remembered…you loved me and were going to come stay at my house and then you hurt your leg and stopped talking to me

ENGELHARDT:      My leg is fine now do u still want me to come stay

                        I can if u want me to

UC ACCT:            You can do whatever you want.  You forgot my birthday and didn't seem to care that much about me

ENGELHARDT:      I'm sorry I forgot your birthday ok plz forgive me and I still love u

UC ACCT:            You do?  What do you remember about me?

ENGELHARDT:      That u are very sweet and lovely and want to be with me and experience something in your life and be kissed

UC ACCT:            What about anything more exact... those are just general statements

ENGELHARDT:        That we where going to be together forever and get married

and be cuddling with each other while watching a movie and go for walks and things

UC ACCT:        What were you going to bring with you?

ENGELHARDT:        Clothes so I have stuff to wear and some stuff I bought for u

In April 2021, ENGELHARDT told "Sarah" that he would be coming to Wisconsin to visit his sister at the end of June.  On June 8, he told her that he would be in Wisconsin for a week if "Sarah" wanted to see him.  In the same conversation he asked if they could have sex when they saw each other.  On June 23, 2021, he told "Sarah" that he was on his way to Wisconsin to see her.  On June 29, 2021, he told "Sarah" "no im leaving tomorrow and want to see u before i leave and sex u."  The two talk about the possibility of meeting and ENGELHARDT says he wants to "Talk a walk and go walk around target and maybe sex in the bathroom."  He also sent a picture of his erect penis and said, "This is what u will get tomorrow."

On June 30, 2021, "Sarah" told ENGELHARDT that she was at the Target in Janesville.  Undercover officers then saw ENGELHARDT leave the Super 8 Motel and run to the Target store where he was arrested.  A condom was found in his pocket. ENGELHARDT later told law enforcement that he brought the condom with him from New Mexico in anticipation of having sex with "Sarah."  He also said he had been using Facebook messenger to communicate with a girl whom he knew to be 15 years old.  He also said he planned on meeting the girl that morning and going to the bathroom at Target to have sex with her.

The government asks the Court to take judicial notice that Janesville, Wisconsin, is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

8.    **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

9.      **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining count of the indictment at sentencing.

10.      **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility.  This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1.  Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments.  The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility.  This recommendation is consistent with the defendant signing this plea agreement on or before November 10, 2021.

11.      **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

12.      **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future including the forfeiture of assets which were seized by law enforcement on June 30, 2021.  Defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

13.      The defendant agrees that he is the sole owner of all the seized property, and agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

14.      The defendant agrees to consent to the order of forfeiture for the seized property and waives the requirement of the Federal Rules of Criminal Procedure 32.2 and 43(a), regarding notice of the forfeiture in the charging instrument, announcement

of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits that each of the seized property items is subject to forfeiture because they were involved in the offense or are traceable to property involved in the offense and defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

15.     The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

16.     The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

17.     In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest  he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

18.     **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

19.     **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty.  Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

20.     **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

## ACKNOWLEDGEMENTS

I, MATTHEW D. ENGELHARDT, am entering into this plea agreement freely and voluntarily.  I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement.   My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines.  I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses.  I am satisfied that my attorney has provided effective assistance of counsel.

11/11/2021
Date

MATTHEW D. ENGELHARDT
Defendant


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/1/21
Date

ALEX VLISIDES
Attorney for Defendant

TIMOTHY M. O'SHEA
Acting United States Attorney

11/15/2021
_____
Date

By: ___/s/_____

ELIZABETH ALTMAN
United States Attorney

11/11/21
_____
Date

_____

ALEX VLISIDES
Attorney for the Defendant

11/10/2021
_____
Date

_____

MATTHEW D. ENGELHARDT
Defendant

8